IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-00396-01/02-CR-W-HFS |
| ) | |
| TREVONTAE L. STEWART, and ) | |
| CEDRIC D. FORD, ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is currently before the Court on defendants' Motion for Relief From Prejudicial Joinder (doc #30). For the reasons set forth below, this motion is denied.

I. INTRODUCTION

On November 30, 2017, a Criminal Complaint was filed against defendants Trevontae L. Stewart and Cedric D. Ford. The Criminal Complaint alleged that defendants, each having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, to wit: a Glock, Model 23, .40 caliber semiautomatic handgun, Serial Number BCDV608; and a Glock, Model 22, .40 caliber, semiautomatic handgun, Serial Number MPA362. The Affidavit given in support of the Criminal Complaint provided in part:

> 4. On November 29, 2017, Detective/Task Force Officer Robert Guffey of the Kansas City, Missouri Police Department Illegal Firearms Squad/ATF Task Force, initiated surveillance of individuals suspected of being involved in alleged violent criminal acts, previously reported to the Kansas City, Missouri Police Department.
>
> 5. During his surveillance operations, at approximately 3:00 p.m., Detective/Task Force Officer Robert Guffey, and assisting detectives, agents and officers encountered a red/copper colored Dodge Caliber sport utility vehicle,

displaying the Missouri vehicle temporary registration of 03B0HE, occupied by at least two black male subjects. This vehicle was observed arriving at the residence of or near 2432 S. Cypress, Kansas City, Jackson County, Missouri, as surveillance detectives and uniformed officers were attempting to conduct a car stop of another vehicle being followed in the surveillance operations.

6. As the car stop of the vehicles was initiated, and as the Dodge Caliber sport utility vehicle was stopping at the residence, the sole passenger in the Dodge, later identified as **Trevontae L. Stewart**, exited the vehicle from the front passenger's seat area, and fled from the vehicle, running behind nearby residences. **Stewart** was observed running from the vehicle while holding his right hand at his right waist line, as if retrieving a concealed item from the front of his pants waist area. **Stewart** was observed by Detective/Task Force Officer Jason Decker, running to the back yard area of a residence, identified as 2430 Cypress Avenue, Kansas City, Missouri. **Stewart** disappeared from view briefly, before returning and surrendering himself to Kansas City, Missouri Police Department SNU/TAC officers and detectives. Investigating officers and detectives believed, based on their observations of **Stewart** as he fled on foot, it was possible he was retrieving a firearm or other item of contraband. During the search of **Stewart** subsequent to his arrest for fleeing and related municipal offenses, no items of contraband were discovered on his person. During a search of the area where **Stewart** was taken into custody, a Glock, Model 23, .40 caliber semiautomatic handgun, Serial Number BCDV608, with a single unfired .40 caliber cartridge chambered in the weapon, and loaded with a high capacity magazine containing 20 unfired .40 caliber cartridges was discovered. This firearm was discovered in the backyard of the residence at 2430 Cypress Avenue, Kansas City, Missouri. This is the area **Stewart** was seen fleeing into prior to his capture. This weapon was seized as evidence.

7. As **Stewart** was being pursued on foot, the driver and sole remaining occupant of the above identified vehicle, ultimately identified as **Cedric Ford**, was confronted by Detective/Task Force Officer James Manley, who was wearing clearly identifiable law enforcement protective gear which displayed the characters, "Police", identifying him as a law enforcement officer. Detective Manley ordered **Ford** to stop by making loud, repetitive, verbal commands, to which **Ford** did not respond as **Ford** exited the driver's seat, made eye contact with Manley, then turned and returned to the driver's seat. **Ford** then immediately drove from the area of the car stop, along a pedestrian sidewalk at a high rate of speed in a careless and reckless manner while being pursued by Detective Manley, and ultimately Officer Cole Massey of the Kansas City, Missouri Police Department Street Narcotics Unit/Tac Squad. **Ford** continued to drive in a careless and reckless manner at high rates of speed to the area of East 26th Street and Jackson Avenue, where **Ford** struck the vehicle of Detective Troy Schwalm of the Kansas City, Missouri Police Department Illegal Firearms Unit. The Dodge vehicle rolled multiple times to its final rest in the front lawn of the residence

located at 4119 East 26th Street, Kansas City, Missouri. This collision disabled Det. Schwalm's vehicle.

  8. **Ford** was immediately taken into custody and was determined to be the sole occupant of the vehicle. **Ford** was suffering from obvious injuries, believed sustained in the vehicle crash described above, and was transported by Emergency Medical Officials for treatment at a nearby medical facility. At the time of **Ford's** arrest, a Glock, Model 22, .40 caliber, semiautomatic handgun, Serial Number MPA362, with one unfired .40 caliber cartridge chambered in the firearm, and a high capacity, 30 round magazine containing 24 unfired .40 caliber cartridges was discovered. This weapon was discovered lying on the surface of the roadway, immediately next to the driver's window, which was also on the surface of the roadway as a result of the vehicle being overturned in the above summarized vehicle crash. In the passenger compartment of the vehicle were two cellular telephones, collected as part of the inventory search of the vehicle, conducted prior to towing. In an effort to identify the owners of the cellular devices, officers illuminated the screens of the two devices. Each device displayed a single digital color image, one identifiable as **Ford**, the other identifiable as **Stewart**.

  9. Investigators have determined **Ford** and **Stewart** were the only two occupants of the above identified vehicle at the time the vehicle stop was initiated, and **Ford's** subsequent flight from the location of the enforcement action initiated by officers.

* * *

  13. Based on the information provided by the officers, investigators and detectives, observations made during surveillance operations conducted by these officials, your affiant believes that **Stewart and Ford** were each exercising dominion, control, and were in possession of the above described Glock, handguns, and did so knowing that they were both prohibited to possess any firearm, firearm parts, and/or firearm ammunition, as a result of each being a convicted felon.

(Doc. #1-1 at 1-3)

On December 13, 2017, the Grand Jury returned a one-count Indictment against defendants Stewart and Ford. The Indictment charges that on November 29, 2017, defendants, aiding and abetting each other, and each having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, firearms and ammunition, to wit: a Glock, Model 23, .40 caliber semiautomatic

3

Case 4:17-cr-00396-SRB   Document 39   Filed 06/20/18   Page 3 of 8

handgun, Serial Number BCDV608, with one .40 caliber cartridge chambered, with a high capacity magazine, containing twenty .40 caliber cartridges, in the firearm; and a Glock, Model 22, .40 caliber semiautomatic handgun, Serial Number MPA362, with one .40 caliber cartridge chambered, with a high capacity, 30 round magazine, containing twenty-four .40 caliber cartridges, in the firearm.

## II. DISCUSSION

### A. Joinder of Defendants

Rule 8(b), Federal Rules of Criminal Procedure, establishes the requirements for joinder of defendants. Defendants are permitted to be joined where "'they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.'" See United States v. Donnell, 596 F.3d 913, 922 (8th Cir. 2010)(quoting Federal Rule of Criminal Procedure 8(b)). "'In general, persons … jointly indicted on similar evidence from the same or related events should be tried together.'" Id. at 923 (quoting United States v. Jones, 880 F.2d 55, 63 (8th Cir. 1989). Further, "'[t]here is a preference in the federal system for joint trials of defendants who are indicted together.'" United States v. Anderson, 783 F.3d 727, 743 (8th Cir. 2015)(quoting Zafiro v. United States, 506 U.S. 534, 537 (1993)).

It is clear that the charge that both defendants, aiding and abetting each other, and each having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, firearms and ammunition satisfies the requirement that defendants are alleged to have participated in the same act or in the same series of acts constituting an offense. There is no misjoinder of defendants in this case.

B.      Defendants Are Not Prejudiced By Joinder

"'When defendants are properly joined, there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'" United States v. Casteel, 663 F.3d 1013, 1018 (8th Cir. 2011)(quoting United States v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009)).  However, even when defendants are properly joined, Rule 14, Federal Rules of Criminal Procedure, permits severance where joinder would result in unfair prejudice to a defendant.  The prejudice must be severe or compelling to overcome the presumption, such as defendants must show that their defenses are irreconcilable or that a jury will be unable to compartmentalize the evidence.  See Casteel, 663 F.3d at 1018; Lewis, 557 F.3d at 609.  The decision to sever lies in the trial court's discretion.  See United States v. Young, 753 F.3d 757, 778 (8th Cir. 2014); United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010).

Defendants argue that they would be prejudiced by a joint trial.  Specifically, defendants state:

> The defendants in this case each assert that their case would be prejudiced by a joint trial.  In a joint trial, a jury would learn that each defendant is a convicted felon, and the defendants risk conviction through guilt by association.  While the government has charged each defendant as a principal, they have also charged under an aiding and abetting theory.  However, "to aid and abet a felon in possession of a firearm, the defendant must know or have reason to know that the individual is a felon at the time of the aiding and abetting, and, in turn, must assist the felon in possessing the firearm." United States v. Samuels, 521 F.3d 804, 812 (8th [sic] Cir. 2008).[1]

---

[1] The government notes that this case is from the Seventh Circuit, rather than the Eighth Circuit. (Government's Response (doc #34) at 6)  However, the elements of the crime appear to be the same in both circuits.  See United States v. Thompson, 690 F.3d 977, 994 n.4 (8th Cir. 2012) ("Like other aiding and abetting crimes, aiding and abetting a felon in possession of a firearm requires the government to prove the defendant acted purposefully as to all elements of the crime. … Here, the government must prove a purposeful attitude as to both delivering a firearm and delivering it to a felon.")

5

> There is nothing in the discovery which shows that either defendant knew the other was a felon, or assisted the other in obtaining or possessing any firearm. The discovery indicates nothing beyond that fact that the defendants were in the same vehicle, fled in separate directions, and that separate firearms were recovered in areas near where each defendant was arrested. There is no discovery showing that either defendant knew the other was a felon, or in any fashion aided and abetted the other in possessing any firearm as required in <u>Samuels</u>. The defendants' mere presence in the same vehicle would certainly not be proof of aiding and abetting …
>
> * * *
>
> In a joint trial, in determining the guilt or innocence of each defendant, the jury will know the defendants were in the same vehicle as another felon. In separate trials, such evidence would not be admissible, unless the government proceeds under an aiding and abetting theory. …

(Motion for Relief From Prejudicial Joinder (doc #30) at 4-5)

As defendants note, they each have been charged with being a felon in possession of firearms and ammunition, as well as with aiding and abetting each other in being a felon in possession of firearms and ammunition. The evidence required to prove the charge is the same whether defendants are tried jointly or separately. If defendants were tried separately, the jury would still learn that they are each a convicted felon because the government would need to introduce evidence in defendant Stewart's trial as to Stewart's knowledge that Cedric Ford was a felon and the government would need to introduce evidence in defendant Ford's trial as to Ford's knowledge that Trevontae Stewart was a felon in order to prove the required elements of the aiding and abetting portion of the charge. The Court acknowledges defendants' argument that the government will not be able to prove that either defendant knew the other was a felon or in any fashion aided and abetted the other in possessing any firearm. However, whether the government will introduce sufficient evidence to support the charge in the indictment is not a proper focus for a motion for severance.

6

To the extent that there is evidence which would be admissible in a joint trial that would otherwise not be admissible if defendants were each tried alone, the law is clear that "[s]everance is not required merely because evidence which is admissible only against some defendants may be damaging to others." United States v. Delpit, 94 F.3d 1134, 1143 (8th Cir. 1996). Moreover, "[s]everance is never warranted simply because the evidence against one defendant is more damaging than that against another." United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006). While prejudice may occur if the jury is unable to compartmentalize the evidence against each defendant, this potential problem can normally be resolved through applicable jury instructions. See Hively, 437 F.3d at 766 ("the court's instructions to the jury sufficiently distinguished the charges against each defendant to guard against any spillover effect of evidence applicable only to the other defendants"); Delpit, 94 F.3d at 1144 ("the risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions"); United States v. McConnell, 903 F.2d 566, 571 (8th Cir. 1990)("the roles of the individual [defendants] were sufficiently distinct that the jury, aided by the court's instructions, could compartmentalize the evidence against each defendant").

Defendant Stewart and defendant Ford argue that they risk conviction through guilt by association. The Delpit court set out the following with respect to a guilt by association claim of prejudice:

> In re-affirming the law's preference for joint trials, we do not endorse guilt by association. Instead, we presume, as we must, that juries can and do follow instructions conscientiously, evaluate evidence carefully, and judge defendants individually.

94 F.3d 1134, 1144 (8th Cir. 1996). As in Delpit, the guilt by association claim of prejudice in this case must fail.

## III. CONCLUSION

Rules 8 and 14 are designed to promote judicial economy and efficiency and to avoid a multiplicity of trials as long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial. See Zafiro v. United States, 506 U.S. 534, 540 (1993). Given the Court's findings that defendants are properly joined and that defendants' claims of prejudice must fail, it is

ORDERED that defendants' Motion for Relief From Prejudicial Joinder (doc #30) is denied.

*/s/ Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE